UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MONTAZ LEWIS, )
 )
        Plaintiff, )
 ) CAUSE NO. 3:16-CV-220 WL
v. )
 )
RON NEIL, *et al.*, )
 )
        Defendants. )

OPINION AND ORDER

Montaz Lewis, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In the complaint, Lewis alleges that he is being held as an inmate in the Indiana State Prison and that he is being denied adequate access to the law library. He makes numerous complaints

surrounding the limits that the law library places on his ability to get legal materials. Nevertheless, even in the case of criminal law materials, there is no "abstract, freestanding right to a law library [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, a prisoner must demonstrate that "state action hindered his or her efforts to pursue a nonfrivolous legal claim and that the plaintiff suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000).

Here, Lewis only complains about his ability to access legal materials. He has not alleged that he is pursuing any legal claim, that his efforts to do so have been hindered, or that he has suffered any actual injury as a result of his limited access to the law library. Lewis makes no mention of any case having been dismissed as a result of his inability to access the law library. Because the facts alleged here do not permit the court to reasonably infer that Lewis has been injured by being denied access to the law library, he "cannot prevail on his access-to-courts claim." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

Because he has not included the necessary details, it is possible that Lewis may be able to state a claim. As such, Lewis will be granted leave to file an amended complaint if he believes that he can cure the deficiencies noted in this order. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In his amended complaint, Lewis needs to sets forth his claim against the defendants in sufficient detail. In the amended complaint, he should explain what case he is currently pursuing or had previously pursued, including the case citation. He must also explain how that case was adversely affected by him not having adequate access to the law library. And, finally, he should explain how having access to the requested legal materials would have made it possible for him to prevail in that case. He may attach any documentation he has in his possession or can obtain related

to his claims.

There is an additional problem with his filing. He has not provided sufficient documents for service of process. He submitted only one summons and one USM-285 form containing both defendants' names and addresses. This is improper. He must submit two summons forms and one USM-285 form for each of the defendants. Without two properly completed summons forms and one properly completed USM-285 form containing a name and address for each defendant, the U.S. Marshals Service cannot effect service in this case.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 form, and send it to the plaintiff along with 4 blank summons forms and 2 blank USM-285 forms;

(2) **GRANTS** the plaintiff to and including May 23, 2016, to file an amended complaint, and return the summons and USM-285 forms properly completed for each defendant; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: April 29, 2016

    s/William C. Lee
William C. Lee, Judge
United States District Court